UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LARRY IVAN ANTHONY CANFIELD, Plaintiff

v.

PREMIER HEALTHCARE and ST. JOSEPH CANDLER URGENT CARE, Defendants.

Civil Action No. 4:25-cv-132

## PLAINTIFF'S REBUTTAL IN OPPOSITION TO DEFENDANT PREMIER HEALTHCARE'S MOTION TO DISMISS

## I. BACKGROUND

Plaintiff, Larry Ivan Anthony Canfield, respectfully submits this rebuttal opposing Defendant Premier Healthcare's Motion to Dismiss and clarifying the record where Defendant's statements are misleading or incomplete.

Plaintiff initiated this action in response to ongoing retaliation and wrongful termination following his engagement in protected activity under Title VII of the Civil Rights Act of 1964. Plaintiff was issued a 90-day termination notice, with his final day of employment occurring in July 2024. The notice itself was unjustified and retaliatory, following Plaintiff's defense of a Black female coworker who was experiencing discriminatory treatment. This sequence of events shows that retaliation began immediately after the protected activity and culminated in termination, clearly establishing a causal connection.

Plaintiff also identifies as multiracial, providing additional context to the workplace hostility that arose after his advocacy. This action was timely filed within 90 days of receipt of the EEOC Right-to-Sue letter dated April 6, 2025, and therefore fully complies with Title VII's procedural requirements.

## II. STANDARD OF REVIEW

Plaintiff acknowledges the standard of review under Federal Rule of Civil Procedure 12(b)(6) and agrees that a complaint must state a claim that is plausible on its face. However, Defendant's argument ignores that Plaintiff's Complaint meets and exceeds this threshold when construed in the light most favorable to the Plaintiff, as required by law.

The Supreme Court in Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), made clear that employment discrimination or retaliation complaints need not contain detailed factual allegations or establish a prima facie case at the pleading stage. The Plaintiff must only provide a short and plain statement showing entitlement to relief — which this Complaint does.

Furthermore, as a pro se litigant, Plaintiff's pleadings are entitled to a liberal construction, and the Court must draw all reasonable inferences in Plaintiff's favor. See Haines v. Kerner, 404 U.S. 519 (1972). Defendant's attempt to impose a heightened pleading requirement is inconsistent with both the Federal Rules and well-established precedent.

## III. ARGUMENT

## A. Plaintiff Engaged in Protected Activity

Defendant's motion minimizes the nature of Plaintiff's protected activity. Plaintiff clearly engaged in conduct protected under Title VII, including opposing and reporting discriminatory treatment directed at a Black female coworker and raising related workplace concerns. These actions are protected forms of opposition to discrimination. Federal law protects an employee not only when personally targeted, but also when standing up for others subjected to discrimination. See Crawford v. Metropolitan Gov't of Nashville, 555 U.S. 271 (2009).

## B. Defendant's Reasons Were Pretextual

Defendant's claim that termination was based on legitimate grounds is unsupported by fact and contradicted by the sequence of events. The alleged performance or conduct issues surfaced only after Plaintiff's protected activity, marking them as a clear pretext for retaliation. Plaintiff had a consistent record of competent performance prior to the protected incident. Once he defended his coworker, management began constructing false narratives to justify discharge.

Defendant has also attempted to justify Plaintiff's termination by invoking a "no-fault 90-day dismissal clause" contained in his employment agreement. However, the timing and circumstances of this invocation demonstrate that it was not a routine contractual action, but rather a retaliatory maneuver designed to disguise unlawful motivation. The clause was not applied equally to other employees, and no documented performance deficiencies or disciplinary actions supported its use. Reliance on a contractual provision cannot shield an employer from liability for retaliatory discharge under Title VII, and courts have repeatedly held that such clauses do not supersede federal civil rights protections. See EEOC v. Board of Governors of State Colleges & Universities, 957 F.2d 424 (7th Cir. 1992).

## C. Causal Connection Is Sufficiently Pled

Defendant's assertion that no causal connection exists ignores both timing and pattern. The 90-day termination notice followed directly on the heels of Plaintiff's advocacy, and the final termination in July 2024 completed the retaliatory act. Courts routinely find causal links when adverse actions follow protected activity within a short period. See Donovan v. Broward Cty. Bd. of Comm'rs, 974 F.2d 1149 (11th Cir. 1992).

## D. Wrongful Termination Claim Properly Alleged

Plaintiff's complaint clearly alleges he was terminated under false and retaliatory pretenses, causing continuing emotional and professional harm, including reputational damage in the regional healthcare network. These facts, accepted as true, state a claim upon which relief may be granted. Defendant's argument invites premature fact-finding, which is improper on a motion to dismiss.

## E. Defendant Failed to Equally Enforce Workplace Policies

Defendant's selective enforcement of workplace policies further demonstrates pretext and discriminatory retaliation. Comparable employees who engaged in similar or more serious conduct were not disciplined or terminated, while Plaintiff faced escalating retaliation following his protected activity. This inconsistent treatment undermines any claim that Defendant's actions were based on legitimate business reasons. See Silvera v. Orange Cnty. Sch. Bd., 244 F.3d 1253 (11th Cir. 2001).

## F. Georgia Employment Law Does Not Shield Retaliatory or Discriminatory Termination

While Georgia is generally an employment-at-will state, this doctrine does not protect employers who terminate employees for unlawful reasons, including retaliation or discrimination prohibited by Title VII of the Civil Rights Act of 1964. Plaintiff's wrongful termination claim arises from unlawful retaliation and discriminatory misuse of policy enforcement, not from general at-will disagreement. See Howard v. BP Oil Co., 32 F.3d 520 (11th Cir. 1994).

### G. Potential Class Issues and Discovery Scope

Plaintiff further notes that information obtained during discovery may reveal that the retaliatory and discriminatory conduct alleged herein extends beyond Plaintiff and may affect other employees of Defendant Premier Healthcare or its affiliates. Plaintiff has reason to believe that similarly situated employees who engaged in protected activity may have faced retaliation, disparate treatment, or wrongful termination under comparable circumstances.

This matter is not being asserted as a class action at this time. However, Plaintiff expressly reserves the right to seek amendment or class certification under Federal Rule of Civil Procedure 23 should discovery substantiate evidence of systemic or pattern-based retaliation or discrimination.

Additionally, under the "single-filing rule" recognized by the Eleventh Circuit, employees who have not filed individual EEOC charges may still be included in a collective or class action when their claims are reasonably related to or grow out of the same discriminatory or retaliatory practices alleged by the original EEOC complainant. See Grayson v. K Mart Corp., 79 F.3d 1086, 1101 (11th Cir. 1996); Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5th Cir. 1968).

Plaintiff further notes that certain employees directly affected by similar discriminatory or retaliatory actions, including individuals who did not file EEOC charges within the statutory period due to credible fear of reprisal, may still fall within the same unlawful employment pattern alleged herein under the single-filing rule. These individuals may provide testimony or evidence relevant to discovery and any subsequent amendment or collective determination.

Including this clarification does not alter the individual nature of the present complaint but ensures that all relevant evidence is preserved and that any broader retaliatory practices discovered may be appropriately addressed within the scope of these proceedings.

## IV. CONCLUSION

For the reasons stated above, Defendant Premier Healthcare's Motion to Dismiss should be denied in its entirety. Plaintiff's Complaint, when construed liberally and viewed in the light most favorable to him, alleges facts sufficient to establish retaliation and wrongful termination under Title VII of the Civil Rights Act of 1964.

Plaintiff engaged in protected activity by opposing discriminatory treatment of a coworker and by reporting workplace concerns in good faith. The temporal proximity between that protected activity and the retaliatory discipline and 90-day termination notice — culminating in his discharge in July 2024 — demonstrates a causal connection sufficient to state a claim. See Donovan v. Broward Cty. Bd. of Comm'rs, 974 F.2d 1149 (11th Cir. 1992).

Defendant's reliance on Georgia's at-will doctrine fails because state law does not insulate employers from liability for federal statutory violations, including retaliation and discrimination. Plaintiff's allegations meet the pleading requirements of Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), and Haines v. Kerner, 404 U.S. 519 (1972).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss, allow this matter to proceed to discovery and trial, and grant such further relief as justice requires. Plaintiff appears pro se and has made every effort to plead his claims clearly and in good faith. Under the well-established principle that pro se filings must be construed liberally and not held to the same technical standards as those drafted by attorneys (Haines v. Kerner, 404 U.S. 519, 520–21 (1972)), dismissal at this stage would be inconsistent with the spirit of fairness and the remedial purpose of Title VII.

Respectfully submitted this 10th day of October, 2025.

_____
Larry Ivan Anthony Canfield