**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| LARRY IVAN ANTHONY CANFIELD, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER HEALTHCARE, LLC, ST. JOSEPH CANDLER URGENT CARE, LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | Civil Action No. 4:25-cv-00132-RSB-CLR |

**ST. JOSEPH'S/CANDLER URGENT CARE CENTERS, LLC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

St. Joseph's/Candler Urgent Care Centers, LLC ("Defendant" or "Candler")[1] submits this brief in support of its motion to dismiss or in the alternative, to otherwise require Plaintiff to file a more definite statement pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e). The Court should dismiss Plaintiff's claims for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and wrongful termination in violation of Georgia public policy because the Complaint fails to state a claim upon which relief may be granted. As an initial matter, Candler never employed Plaintiff. Additionally, Plaintiff did not file

---

[1] St. Joseph's/Candler Urgent Care Centers, LLC has been improperly named in this action and the caption as "St. Joseph Candler Urgent Care, LLC." Plaintiff was employed by Premier Health Consultants, LLC, not "St. Joseph Candler Urgent Care, LLC" nor St. Joseph's/Candler Urgent Care Centers, LLC. Additionally, the entity named on the summons (St. Joseph's/Candler Health System, Inc.), never employed Plaintiff, is not named in the Complaint, and was never the recipient of, or named in an EEOC Charge from Plaintiff.

1

an EEOC Charge against Candler and therefore failed to exhaust his administrative remedies. Alternatively, if the Court declines to dismiss the Complaint, Defendant respectfully requests that Plaintiff be required to provide a more definite statement.

## I.    BACKGROUND.[2]

On June 4, 2025, Plaintiff initiated this action, asserting claims against Candler, as well as "Premier Healthcare, LLC" and Does 1 through 10.[3] (Doc. 1). Plaintiff asserts claims for race discrimination and retaliation under Title VII and wrongful termination in violation of Georgia public policy.[4] (*See* Doc. 1, the "Complaint," pp. 4–5). Plaintiff fails to allege facts sufficient to state a claim for any purported cause of action. Likewise, Plaintiff failed to exhaust his administrative remedies.

The purported "Factual Allegations" in support of Plaintiff's claims are limited to five paragraphs. (Doc. 1, ¶¶ 12–15). Plaintiff alleges he became employed with Defendants on or about August 2021. (Doc. 1, ¶ 12). That "[d]uring his employment, Plaintiff was subjected to unlawful discrimination based on race and retaliation." (Doc. 1, ¶ 14). Plaintiff allegedly opposed or reported the discriminatory behavior to management or HR in January 2024. (Doc. 1, ¶ 14).

---

[2] While Defendant disputes the allegations in Plaintiff's Complaint, Defendant treats them as true solely for purposes of this Motion to Dismiss. *Lechter v. Aprio, LLP*, 565 F. Supp. 3d 1279, 1290 n.1 (N.D. Ga. 2021) (citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)). Nothing herein is or should be construed as an admission by Defendant.

[3] Defendant maintains that all of Plaintiff's claims are subject to dismissal. Defendant further notes that Plaintiff's claims against the unnamed individual defendants ("Does 1 through 10") are subject to dismissal. There is no individual liability under Title VII. *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) ("[R]elief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act[.]").

[4] Likewise, it is unclear if Plaintiff attempts to bring class-related claims. However, the complaint does not allege class-related claims – the claims all purport to be based on non-specific actions that happened to Plaintiff alone – not his peers. *See, e.g.*, *Marcher v. Prudential Ins. Co. of Am.*, No. 06-60034 CIV, 2006 WL 8432622, at *5 (S.D. Fla. Aug. 14, 2006).

Plaintiff further alleges that in retaliation for his complaint, he was subjected to "disciplinary write-ups," "false accusations," "restricting advancement opportunities," and damage to his workplace reputation resulting in his termination in July 2024. (Doc. 1, ¶ 15). Plaintiff attaches approximately twenty pages of exhibits to his Complaint but provides no explanation as to the exhibits, such as what they are and what Plaintiff alleges the exhibits establish. Plaintiff provides no further factual support for his claims.

On May 30, 2024, Plaintiff digitally signed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The "Name of Employer" as set forth in the Charge is "PREMIER HEALTH URGENT CARE." The Charge does not identify Candler as a Respondent.

## II.    STANDARD OF REVIEW.

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of claims where the plaintiff fails to state a claim for which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To be plausible, a complaint must contain 'well-pleaded facts' that 'permit the court to infer more than the mere possibility of misconduct.'" *Moon v. UPS*, No. 2:11-CV-032-RWS-SSC, 2012 WL 255789, at *1 (N.D. Ga. Jan. 3, 2012) (quoting *Iqbal*, 556 U.S. at 679). Moreover, "'[f]actual allegations must be enough to raise a right to relief[.]'" *Id.* "In evaluating a complaint under Rule 12(b)(6), the court must assume the plaintiff's non-conclusory factual allegations to be true." *Iqbal*, 556 U.S. at 679. But "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Gilliam v. U.S. Dep't of Veterans Affs.*, 822 F. App'x 985, 989 (11th Cir. 2020) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).

3

A plaintiff's failure to exhaust administrative remedies may be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *See e.g.*, *Woodson v. Corning*, No. 1:18-CV-1048-LMM-JSA, 2018 WL 11486929, at \*4–6 (N.D. Ga. Nov. 30, 2018) (recommending dismissal of the complaint, pursuant to Rule 12(b)(6), for failure to exhaust administrative remedies), *report and recommendation adopted*, No. 1:18-CV-1048-LMM-JSA, 2019 WL 13273271 (N.D. Ga. Jan. 9, 2019).

Plaintiff's *pro se* status does not excuse him from the requirements of the Federal Rules of Civil Procedure or *Iqbal*, *Twombly*, and their progeny. As this Circuit has noted: "[a]lthough we show leniency to *pro se* litigants, [the Court] will not serve as de facto counsel or rewrite an otherwise deficient pleading in order to sustain an action." *Nalls v. Coleman Low Fed. Inst.*, 307 F. App'x 296, 298 (11th Cir. 2009) (internal quotation marks and citation omitted).

Measured against these standards, Plaintiff's Complaint must be dismissed.

## III. ARGUMENT.

### A. Plaintiff Failed to Exhaust Administrative Remedies.

Plaintiff failed to file an EEOC Charge naming Candler as a Respondent and therefore failed to exhaust his administrative remedies.

To file Title VII claims, a plaintiff must first exhaust his administrative remedies by presenting those claims to the EEOC. *See Hicks-Washington*, 803 F. App'x 295, 300 (11th Cir. 2020). Here, Plaintiff filed an EEOC Charge naming "PREMIER HEALTH URGENT CARE" as the Respondent but did not identify or mention Candler. *See* Ex. A.[5]

---

[5] Plaintiff's Complaint specifically alleges he filed a Charge of Discrimination with the EEOC. (*See* Doc. 1 ¶ 9). As such, Defendant annexes Plaintiff's Charge of Discrimination to this motion as Exhibit A. *See Brady v. Postmaster Gen., U.S. Postal Serv.*, 521 F. App'x 914, 916 (11th Cir. 2013) (Courts "may consider a document attached to a motion to dismiss without converting the motion into a motion for summary judgment if (1) the document is central to plaintiff's claim, and

4

The general rule is that "a party not named in the EEOC charge cannot be sued in a subsequent civil action" under Title VII. *Lewis v. Asplundh Tree Expert Co.*, 402 F. App'x 454, 456 (11th Cir. 2010). That naming precondition "serves to notify the charged party of the allegation and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII." *Lewis*, 402 F. App'x at 456. An exception to the general rule, however, exists where "doing so fulfills the purposes of the Title VII." *Id.* In making that determination the Court considers several factors: (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the conciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings. *Id.* at 456–57.

Here, the relevant factors weigh against forgiving Plaintiff's failure to exhaust administrative remedies as to Candler. First, courts most often find a "similarity of interest" when the parties are "closely related entit[ies]"—which is not the case here. Plaintiff was not employed by Candler, only Premier Health Consultants, LLC. Plaintiff was aware given his employer is identified on his pay stubs. *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1359 (11th Cir. 1994). Additionally, the identity of Candler was fully ascertainable to Plaintiff at the time of his EEOC Charge. Indeed, Plaintiff "clearly knew" of Candler's identity because he specifically referenced both entities during the EEOC Charge phase. (Doc. 1, pp. 16–17).

---

(2) its authenticity is not challenged." (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005))).

Moreover, the Complaint does not provide any information to conclude that Candler was aware of Plaintiff's EEOC Charge. Plaintiff has not pled that Candler was aware of his EEOC Charge or had notice such that it could participate in the EEOC process. (*See* generally Doc. 1). Further, permitting this action to proceed against Candler following its exclusion from the EEOC proceeding will result in prejudice, as Candler was unable to engage in the early investigation into Plaintiff's claims at the time of the filing of his Charge or participate in any EEOC investigation proceedings. *Lewis*, 402 F. App'x at 457. As such, the consideration of the aforementioned factors supports the conclusion that Candler as an unnamed party to Plaintiff's EEOC Charge should not be sued in this action. *See Youman v. Cobb Cty.*, No. 1:23-CV-04377-ELR-JEM, 2025 WL 2816809, at \*4–5 (N.D. Ga. Feb. 7, 2025) (recommending dismissal of the *pro se* plaintiff's claims against Cobb County for failure to name the County as a Respondent in her EEOC Charge), *report and recommendation adopted in relevant part*, No. 1:23-CV-04377-ELR-JEM, 2025 WL 2816802 (N.D. Ga. Aug. 13, 2025).

Therefore, all Title VII claims against Candler should be dismissed due to Plaintiff's failure to exhaust his administrative remedies.

### B.    Plaintiff's Title VII Claims Should Be Dismissed for Failure to Allege Defendant Was His Employer.

Plaintiff's claims against Candler should be dismissed because Candler is not his employer, and never has been. To the contrary, his employer from August of 2021 through July of 2024 was Premier Healthcare Consultants, LLC. *See* 42 U.S.C. § 2000e-2(a) (limiting coverage of Title VII to "employers"); *Arrington v. Alabama Power Co.*, No. 2:16-CV-01355-JEO, 2017 WL 192756, at \*3 (N.D. Ala. Jan. 18, 2017) (dismissing case pursuant to Rule 12(b)(6) because "there is no allegation in the complaint that [the defendant] was [the plaintiff's] employer"); *Brown v. ATG, Inc.*, No. 2:15-CV-00161-AKK, 2015 WL 3545984, at \*3 (N.D. Ala. June 8, 2015) (dismissing

complaint under Rule 12(b)(6) because defendant "is not a statutory 'employer' that is subject to liability under Title VII"). Plaintiff has not pled any facts to establish Candler was his employer, nor could he. On this basis alone, the Complaint should be dismissed as to Candler.

### C. The Complaint Is An Impermissible "Shotgun Pleading."

Even assuming this action could proceed against Candler – which it should not – Plaintiff's Complaint should be dismissed in its entirety because it is an improper "shotgun pleading." A "shotgun pleading" is one that "fail[s] to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading[.]" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). The Eleventh Circuit has identified four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not separate each cause of action or claim for relief into a different count; and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

"The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323; *see also Anderson v. Dist. Bd. of Trs of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that when a plaintiff presents a shotgun pleading, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."). "The Eleventh Circuit has roundly, repeatedly, and consistently condemned shotgun pleadings, because such pleadings wreak havoc on the judicial system." *Lowe v. Delta Airlines, Inc.*, No. 1:16-CV-3717-TWT-JSA, 2017 WL 2982336, at *7 n.6 (N.D. Ga. May 31, 2017)

(internal quotation marks, alterations, and citations omitted), *report and recommendation adopted*, No. 1:16-CV-3717-TWT, 2017 WL 2972878 (N.D. Ga. July 12, 2017).

Plaintiff's Complaint is a quintessential shotgun because it does not provide any factual support for his claims. Instead, the "Factual Allegations" in his Complaint are merely conclusory statements without any specificity to allow Defendant to understand the *actions* that led to the supposed discriminatory or retaliatory conduct. Plaintiff has failed to establish the who, what, when, where, and why of his claims. As such, Defendant is left to guess as to what claims Plaintiff is asserting and what allegations supposedly support which claim(s) against which Defendant.

First, Plaintiff has not included any facts or allegations in support of a race discrimination claim. (*See* Doc. 1, ¶ 13). Plaintiff does not explain what the alleged racial discrimination is or who purportedly engaged in it. Similarly, Plaintiff does not allege any allegations to establish that Candler, as opposed to Premier, is a proper defendant in this matter.

Second, while Plaintiff references retaliation, he does not provide any specifics regarding his alleged complaint to HR in January 2024 (Doc. 1, ¶ 14) such that Defendant Candler can determine if it was aware of any complaint or if the alleged complaint qualifies as Title VII protected activity. Similarly, he fails to provide any context around the alleged "disciplinary write-ups" or "false accusations" to allow Defendant to understand his allegations or its alleged connections to any discipline. Plaintiff fails to identify the decisionmaker(s) involved, and/or why he believes any discipline, or his termination, was "wrongful."

Even under the liberal standard for *pro se* pleadings, the Complaint's lack of specificity and failure to allege the facts necessary to state a claim for relief warrant dismissal.[6]

---

[6] Under Federal Rule of Civil Procedure 12(e), a defendant is entitled to a more definite statement if the claims stated in the complaint are "so vague or ambiguous that the party cannot reasonably

### D.    Plaintiff Fails to Allege Sufficient Facts to Plausibly Show Discrimination.

Even if Plaintiff can establish Candler is a proper defendant (which Candler disputes), dismissal is still warranted because the Complaint does not allege facts to plausibly suggest Defendant discriminated against Plaintiff because of his race. Plaintiff must show: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was treated less favorably than similarly-situated individuals outside his protected class. *Billups v. US&S Inc.*, No. 1:22-CV-842-TCB-CMS, 2023 WL 9320257, at *9 (N.D. Ga. Jan. 18, 2023), *report and recommendation adopted*, No. 1:22-CV-842-TCB, 2023 WL 9320256 (N.D. Ga. Feb. 7, 2023) (citing *Maynard v. Bd. of Regents of Div. of Universities of Fla. Dep't of Educ. ex rel. Univ of S. Fla.*, 342 F.3d 1281, 1289 (11th Cir. 2003).

Plaintiff failed to plead sufficient facts to support a claim for race discrimination.[7] First, the Complaint fails to even identify Plaintiff's alleged membership in a protected class (*see*

---

prepare a response." In this case, Plaintiff's Complaint is clearly insufficient. As explained in detail below, Plaintiff's scant factual allegations do not state a claim under Title VII because they are not sufficient, even if assumed to be true, to create any inference that Plaintiff is entitled to relief. Therefore, if the Court declines to grant Defendant's Motion to Dismiss with prejudice, Defendant requests the Court order Plaintiff to file a more definite statement.

[7] As to the Complaint exhibits, courts have repeatedly held that courts and defendants are not tasked with sifting through voluminous exhibits to piece together a plaintiff's claims for them. *See, e.g.*, *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) ("Osahar contends that the exhibits to his complaint clarify his arguments, but to force the parties and the court to sift through an additional 100 pages of letters, reports, and contracts would frustrate the purpose of Rule 8(a)(2). Despite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading."); *McKissick v. Deal*, No. 5:15-CV-0407-MTT, 2015 WL 7013455, at *3 (M.D. Ga. Nov. 12, 2015) ("Despite the lenience afforded *pro se* plaintiffs, this Court will not – and is not required to – sift through hundreds of pages of fragmented information to decipher Plaintiff's claims *and* then determine whether any fact buried within his 364 exhibits is material."). Such insufficiencies with the Complaint warrant dismissal of Plaintiff's claims. *See generally*, *Warren v. DeVry Univ., Inc.*, No. 1:18-CV-2595, 2019 WL 2344144 (N.D. Ga. Mar. 14, 2019) (dismissing complaint for failure to identify claims or alleged misconduct with sufficient clarity), *reconsideration denied*, 2019 WL 2344145 (N.D. Ga. Mar. 21, 2019), *appeal dismissed*, No. 19-12244-EE, 2019 WL 4318388 (11th Cir. Aug. 16, 2019).

*generally* Doc. 1) and is entirely silent as to Plaintiff's race. *Taylor v. Lowes Home Improvement, LLC*, No. 5:23-CV-10-BJD-PRL, 2023 WL 1994089, at *1 (M.D. Fla. Feb. 14, 2023) (finding plaintiff's complaint failed to sufficiently plead claims under Title VII where "[a]side from checking boxes indicating discrimination based on race and color, Plaintiff fails to explain or specify how he is a member of a protected class").

Second, it is wholly unclear the basis of Plaintiff's claim and why Plaintiff believes he was discriminated against because of his race in violation of Title VII. Other than indicating Plaintiff believes he was subjected to race discrimination, (Doc. 1, ¶ 13), the Complaint contains no specific allegations. Indeed, the only allegation possibly related to Plaintiff's race claim is the conclusory statement that he "was subjected to unlawful discrimination based on race." (*Id.*). In short, the lack of facts in the Complaint leaves Defendant guessing as to the basis of Plaintiff's race discrimination claim, including what, if any, adverse action he was allegedly subjected to because of his race. The Complaint fails on all fronts to sufficiently plead facts to support Plaintiff's discrimination claim, warranting dismissal. *See Pinkney v. Maverick Condo. Ass'n, Inc.*, No. 6:11-CV-241-ORL-19DAB, 2011 WL 1699928, at *3–4 (M.D. Fla. May 5, 2011) (holding that an allegation of disparate treatment, without any factual support, does not satisfy *Iqbal*'s plausibility standard).

Moreover, while Plaintiff references other employees, he fails to plead sufficient facts to establish that he was similarly situated to any alleged comparators. At most, Plaintiff vaguely references "similarly situated employees" but fails to allege these individuals are *actually* similarly situated, let alone provide factual allegations in support of such a conclusion (e.g., they had similar jobs, responsibilities, experience, seniority, etc.). (*See* Doc. 1, ¶ 15). As explained by the Eleventh Circuit, if a plaintiff fails to show the existence of a similarly situated employee, dismissal is

10

appropriate where no other plausible allegation of discrimination is present. *Arafat v. Sch. Bd. of Broward Cnty.*, 549 F. App'x 872, 874 (11th Cir. 2013) (affirming dismissal of disparate treatment claim where the allegations "were too 'tenuous' and 'conclusory'" and the plaintiff failed to "identify any valid comparators to undergird her disparate treatment claims"); *see also Troyer v. Pfizer, Inc.*, No. 1:14-CV-138 (WLS), 2015 WL 5943399, at *2 (M.D. Ga. Oct. 13, 2015) (rejecting plaintiff's argument that the court incorrectly dismissed her race and gender discrimination claims "[c]onsidering a comparator was not identified within the four corners of Plaintiff's Complaint or attachments thereto").

Accordingly, Plaintiff has failed to state a plausible claim for discrimination under Title VII, and his race discrimination claim must be dismissed.

**E.    Plaintiff Fails to Allege Sufficient Facts to Plausibly Show Retaliation.**

Plaintiff also failed to allege sufficient facts to plausibly support a claim for Title VII retaliation. To state a claim for retaliation, Plaintiff must establish: (1) he participated in an activity protected by Title VII; (2) he suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse action. *Greene v. Alabama Dep't of Revenue*, 746 F. App'x 929, 931 (11th Cir. 2018).

Plaintiff's retaliation claim fails because he alleges no plausible facts to support the theory that Defendant took any adverse employment action because he allegedly complained, and certainly not that retaliation was the but-for cause for his termination. *See Lapham v. Walgreen Co.*, 88 F.4th 879, 892 (11th Cir. 2023). For example, Plaintiff does not allege that Defendant treated any specific, similarly situated employee who did not complain more favorably, and has alleged no other facts to support his claim that his January 2024 complaint to HR was the real reason for the alleged discipline and termination. Plaintiff further fails to allege that some of the individuals allegedly involved in the issuance of his discipline or termination decisionmakers were

aware of his alleged complaint. *See Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000) (decision-maker must be aware of protected activity to prevail on Title VII retaliation claim). Accordingly, because the Complaint fails to plead sufficient facts to plausibly support a claim for retaliation, Plaintiff's retaliation claim must be dismissed.

### F.    Plaintiff's Wrongful Discharge Claim Fails As A Matter Of Law.

Plaintiff's claim he was wrongfully terminated from his employment pursuant to Georgia "public policy" is barred under Georgia law. Specifically, by statute, Georgia law recognizes that all employment relationships are at-will unless a contract of employment specifies a specific term of employment, as follows:

> If a contract of employment provides that wages are payable at a stipulated period, the presumption shall arise that the hiring is for such period, provided that, if anything else in the contract indicates that the hiring was for a longer term, the mere reservation of wages for a lesser time will not control. ***An indefinite hiring may be terminated at-will by either party***.

O.C.G.A. § 34-7-1 (emphasis added).

Where – as in the present case – a plaintiff does not allege the existence of any contract controlling the employment relationship, "the complaint must be construed as alleging that the employee was working under" an at-will relationship with the employer. *Fink v. Dodd*, 286 Ga. App. 363, 366 (2007). Furthermore, Georgia courts have recognized the "general rule" that "[a]n employee, employed at will and not by contract, cannot bring an action against his employer for wrongful discharge from employment or wrongful interference with the employment contract when and where he is an at will employee with no definite and certain contract of employment." *Jellico v. Effingham Cnty.*, 221 Ga. App. 252, 253 (1996). Simply put, an at-will employee, like Plaintiff, cannot allege a valid wrongful termination claim. Indeed, "***there can be no recovery*** in tort for the alleged 'wrongful' termination of the employment of an at-will employee." *Id*. (emphasis added).

12

In *Jellico*, the Georgia Court of Appeals emphasized the limitations against recognizing any common-law exceptions to the employment at-will doctrine:

> Georgia courts have refused to acknowledge any exceptions not encompassed by O.C.G.A. § 34-7-1, and in the absence of any express statutory provision for such a civil remedy . . . we decline . . . to create judicially such a remedy. Courts may interpret laws, but may not change them. These inadequacies in our existing law, however, if they be such, cannot be supplied by the courts, and may only be corrected by the General Assembly.

*Id.* (internal citations omitted); *see also Borden v. Johnson*, 196 Ga. App. 288, 290 (1990) ("[A]n at-will employee has no viable state remedy in the form of a tort action for 'wrongful' discharge against his or her former employer [absent a public policy exception].") (citing *Evans v. Bibb Co*., 178 Ga. App. 139, 139 (1986) ("It has long been established in Georgia that an employee cannot bring an action against his employer for wrongful discharge from employment where he is an at will employee with no definite and certain contract of employment because the employer, with or without cause and regardless of its motives, may discharge the employee without liability."). In accordance with these principles, Georgia courts have held that "at-will employees may be terminated for any or no reason, and they generally cannot recover for wrongful discharge." *Reid v. City of Albany*, 276 Ga. App. 171, 171 (2005). "The motivation underlying the termination usually does not matter; an employer may discharge an at-will employee without liability." *Id*. at 171–72. Consequently, Plaintiff's wrongful termination claim must be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court enter an Order dismissing Plaintiff's Complaint against Defendant with prejudice, or in the alternative, requiring Plaintiff to file a more definite statement.

13

Dated: October 20, 2025                          */s/ Kaylee M. Patterson*
                                                 Kaylee M. Patterson, Bar No. 281879
                                                 kpatterson@littler.com
                                                 LITTLER MENDELSON, P.C.
                                                 3424 Peachtree Road N.E.
                                                 Suite 1200
                                                 Atlanta, Georgia 30326.1127
                                                 Telephone:     404.233.0330
                                                 Facsimile:     404.233.2361

                                                 Attorney for Defendant ST.
                                                 JOSEPH'S/CANDLER URGENT CARE
                                                 CENTERS, LLC

14

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| LARRY IVAN ANTHONY CANFIELD, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER HEALTHCARE, LLC, ST. JOSEPH CANDLER URGENT CARE, LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | Civil Action No. 4:25-cv-00132-RSB-CLR |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of October 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and served a true and correct copy of **DEFENDANT CANDLER URGENT CARE CENTERS, LLC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** via email and via first-class U.S. mail, postage prepaid, upon the following:

Larry Ivan Anthony Canfield
657 Saint Catherines Circle
Richmond Hill, GA 31324
Tonycanfield38@gmail.com

*Pro Se* Plaintiff

/s/ Kaylee M. Patterson
Kaylee M. Patterson
*Attorney for Defendant*

15