**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

LARRY IVAN ANTHONY CANFIELD, individually and on behalf of others similarly situated,

Plaintiff,

v.

PREMIER HEALTHCARE, LLC, ST. JOSEPH CANDLER URGENT CARE, LLC, and DOES 1 through 10, inclusive,

Defendants.

Civil Action No. 4:25-cv-00132-RSB-CLR

**DEFENDANT PREMIER HEALTH CONSULTANTS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Defendant Premier Health Consultants, LLC ("Defendant" or "Premier"), incorrectly named as Premier Healthcare, LLC in the caption, submits this Reply in Support of its Motion to Dismiss, or in the Alternative, for a More Definite Statement. (Doc. 10).

**I.      INTRODUCTION.**

Faced with Premier's Motion to Dismiss (the "Motion") (Docs. 10, 10-1), Plaintiff chose not to respond to the substance of the Motion. Plaintiff's Rebuttal in Opposition to Premier's Motion to Dismiss (the "Rebuttal") (Doc. 11), fails to address any of the deficiencies outlined in the Motion, and instead alleges new facts and claims not included in his original Complaint. (Doc. 1). Plaintiff's Rebuttal underscores that dismissal is appropriate here. As such, Defendant respectfully requests the Court enter an Order dismissing Plaintiff's Complaint, or in the alternative, requiring Plaintiff to file a more definite statement.

## II.    ARGUMENT.

### A.    Plaintiff Concedes his Complaint is Subject to Dismissal.

Defendant argued in its Motion that (1) Plaintiff's Complaint is an impermissible shotgun pleading; (2) Plaintiff failed to allege facts sufficient to plausibly show a violation of Title VII; and (3) Plaintiff's wrongful discharge claim fails as a matter of law. Even under a liberal construction, Plaintiff's Rebuttal does not plainly and prominently address or contest Defendant's arguments.

When a party fails to contest claims or arguments raised in a motion to dismiss, courts may interpret this as a waiver or concession of those claims. *See Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (citation and quotations omitted) (agreeing with district court's conclusion that "[w]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned"); *see also State Farm Mut. Auto. Ins. Co. v. Marshall*, 175 F. Supp. 3d 1377, 1385 (S.D. Ga. 2016) ("A party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed."); *Thomas v. U.S. Bank Nat'l Ass'n*, No. 1:14-CV-548-TCB, 2015 WL 11236542, at *1 (N.D. Ga. Sept. 24, 2015) ("Pro se parties are afforded some leniency with respect to the procedural rules of litigation, but a party (whether pro se or represented by counsel) cannot survive a motion to dismiss by strategically failing to respond to arguments put forth by an opponent.").[1]

Here, Plaintiff entirely fails to address Defendant's contention that his Complaint is an impermissible shotgun pleading. (*See generally* Doc. 11). Further, Plaintiff's Rebuttal does not

---

[1] Although pro se a plaintiff need not "include an itemized rebuttal response to each of the arguments he opposes in a motion to dismiss," Plaintiff's complete failure to respond to any argument in Defendant's Motion allows this Court to treat Defendant's Motion as unopposed. *Ashley v. Shuemake*, No. 6:15-CV-53, 2016 WL 6272369, at *2 (S.D. Ga. Oct. 25, 2016).

contain a single reference, argument, or denial as to Defendant's assertions that the Complaint failed to state any viable Title VII claim. Plaintiff asserts that "Defendant's claim that termination was based on legitimate grounds is unsupported by fact and contradicted by the sequence of events" and "Defendant's assertion that no causal connection exists ignores both timing and pattern." (Doc. 11, p. 2). However, Defendant did not state its reasons for Plaintiff's termination, nor did it argue that no causal connection exists. (*See generally* Doc. 10-1). Instead, Defendant asserts that Plaintiff failed to allege facts sufficient to establish any element of a *prima facie* Title VII discrimination or retaliation claim. (Doc. 10-1, pp. 6–9). Further, although Plaintiff baldly states that the at-will doctrine "does not protect employers who terminate employees for unlawful reasons," the authority cited, *Howard v. BP Oil Co.*, 32 F.3d 520 (11th Cir. 1994), does not support this contention, nor does it interpret Georgia law or even address at-will employment contracts.

Thus, as Plaintiff failed to respond to Defendant's arguments, Plaintiff concedes that (1) Plaintiff's Complaint is an impermissible shotgun pleading; (2) Plaintiff failed to allege facts sufficient to plausibly show a violation of Title VII; and (3) Plaintiff's wrongful discharge claim fails as a matter of law.

**B.      Any Attempt to Amend Plaintiff's Complaint Through his Rebuttal is Improper.**

Plaintiff appears to attempt to amend his Complaint through his Rebuttal. Plaintiff's Rebuttal brief is not proper for seeking amendment, and the Court should disregard any facts or claims not contained in Plaintiff's Complaint but raised only in his Rebuttal. "A court's review on a motion to dismiss is 'limited to the four corners of the complaint.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). "It is well settled that a plaintiff cannot amend a complaint through arguments in briefs." *Int'l All. of Theater Stage Emps. Loc. 927 v. Fervier*, No. 1:23-CV-04929-JPB, 2025

3

WL 747513, at *4 (N.D. Ga. Mar. 7, 2025) (citing *Miccosukee Tribe of Indians v. United States*, 716 F.3d 535, 559 (11th Cir. 2013); *see also Mitchell v. Thompson*, 564 F. App'x 452, 458 (11th Cir. 2014) (refusing to consider allegations raised in response to motion to dismiss because plaintiff never moved to amend complaint to add allegations); *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (A party cannot amend a complaint by attaching documents to a response to a motion to dismiss, or by asserting new facts or theories in the response.).

Plaintiff alleges for the first time in his Rebuttal that (1) Defendant failed to equally enforce workplace policies; and (2) he expressly reserves the right to seek amendment or class certification under Federal Rule of Civil Procedure 23. (*Compare* Doc. 1, *with* Doc. 11). In addition, Plaintiff provides new factual details concerning various novel events, including his "consistent record of competent performance prior to the protected incident" and the "'no-fault 90-day dismissal clause' contained in his employment agreement." (Doc. 11, p. 2). Each of these new allegations, factual contentions, and claims regarding Plaintiff's employment, raised for the first time in his Rebuttal, are an impermissible attempt to amend the Complaint and should not be considered by the Court in deciding Defendant's Motion.

## III.   CONCLUSION.

Based on the foregoing, and the reasons articulated in Defendant's Motion to Dismiss, Defendant respectfully requests the Court enter an Order dismissing Plaintiff's Complaint, or in the alternative, requiring Plaintiff to file a more definite statement.

Dated:  October 31, 2025

*/s/ Kaylee M. Patterson*

Kaylee M. Patterson, Bar No. 281879
kpatterson@littler.com
Bradley E. Strawn, Bar No. 004419
bstrawn@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E.
Suite 1200
Atlanta, Georgia 30326.1127
Telephone:    404.233.0330
Facsimile:    404.233.2361

Attorneys for Defendants PREMIER HEALTH
CONSULTANTS, LLC

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

|  |  |
|---|---|
| LARRY IVAN ANTHONY CANFIELD, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>PREMIER HEALTHCARE, LLC, ST. JOSEPH CANDLER URGENT CARE, LLC, and DOES 1 through 10, inclusive,<br><br>        Defendants. | Civil Action No. 4:25-cv-00132-RSB-CLR |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of October 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and served a true and correct copy of **DEFENDANT PREMIER HEALTH CONSULTANTS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** via email and via first-class U.S. mail, postage prepaid, upon the following:

Larry Ivan Anthony Canfield
657 Saint Catherines Circle
Richmond Hill, GA 31324
Tonycanfield38@gmail.com

*Pro Se* Plaintiff

/s/ Kaylee M. Patterson
Kaylee M. Patterson
Attorney for Defendant

6