**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

|                                        |     |           |
|----------------------------------------|-----|-----------|
| LARRY IVAN ANTHONY CANFIELD,           | )   |           |
|                                        | )   |           |
|                                        | )   |           |
| Plaintiff,                             | )   |           |
|                                        | )   |           |
|                                        | )   |           |
| v.                                     | )   | CV425-132 |
|                                        | )   |           |
| PREMIER HEALTHCARE, LLC,               | )   |           |
| ST. JOSEPH CANDLER URGENT              | )   |           |
| CARE, LLC, and DOES 1 through          | )   |           |
| 10, inclusive,                         | )   |           |
|                                        | )   |           |
|                                        | )   |           |
| Defendants.                            | )   |           |

## ORDER

Defendants move to stay discovery.  Doc. 18.  Plaintiff does not oppose the Motion.  Doc. 18-1 at 4.  For the following reasons, Defendants' Motion to Stay is **GRANTED**.  Doc. 18.

Defendants seek a stay of all discovery until the Court resolves their pending Motions to Dismiss, or, in the alternative, for a More Definite Statement, docs. 10 & 13.  *See* doc. 18 at 1.  A court has "broad discretion" in determining whether to grant a stay of discovery.  *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017).  It is appropriate for the Court dispose of "[f]acial challenges to the legal

sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief," before the parties engage in costly and potentially unnecessary discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *SP Frederica, LLC v. Glynn Cnty.*, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (internal quotation marks omitted) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). In evaluating stays of discovery pending resolution of dispositive motions, "a court must take a preliminary peek . . . to assess the likelihood that the motion will be granted." *Taylor v. Jackson*, 2017 WL 71654, at *1 n. 2 (S.D. Ga. Jan. 6, 2017) (quoting *Sams v. GA West Gate, LLC*, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016)). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." *Sams*, 2016 WL 3339764, at *6.

Defendants' Motions to Dismiss argue Plaintiff's Complaint is a shotgun pleading and challenge the sufficiency of his allegations under Rule 12(b)(6), arguing all of the claims should be dismissed. *See generally* docs. 10 & 13. Even if their alternative relief request is granted, and Plaintiff is required to submit a renewed pleading, it could alter the scope of these proceedings. *See generally id.* Further, Plaintiff's non-opposition indicates he would not be prejudiced by a stay. On balance, then, a stay is appropriate. Defendant's Motion to Stay is **GRANTED**. Doc. 18. All deadlines in this case are **STAYED** pending the Court's disposition of that last of Defendants' Motions to Dismiss. Docs. 10 & 13. Should any claims remain pending, the parties are **DIRECTED** to confer and submit a Rule 26(f) Report within 14 days of the Order on the last of the Motions, or, if amended pleadings are filed, as required under the Federal Rules of Civil Procedure, whichever is later, unless otherwise instructed by the Court.

The Court must also address Plaintiff's request for an extension of time to respond to Defendant St. Joseph Candler Urgent Care's Motion to Dismiss. Doc. 16. Defendant filed and served the Motion on October 20, 2025. *See* doc. 13; *see also id.* at 3. Plaintiff's response was due on

November 6, 2025. *See* S.D. Ga. L. Civ. R. 7.5 (14-day response deadline); Fed. R. Civ. P. 6(d) (adding 3 days for service by mail). His request for an extension was not filed until November 10, 2025. Doc. 16. The Federal Rules of Civil Procedure authorize the Court to extend a deadline that has already passed for "good cause," if the party "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see also, e.g., Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015). "Good cause" requires the party seeking the extension to show diligence. *See, e.g., Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). "Excusable neglect," requires the Court to consider several factors: "(1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *EarthCam, Inc. v. OxBlue Corp.*, 703 F. App'x 803, 813 (11th Cir. 2017).

Plaintiff seeks more time because he did not receive a copy of the Motion. Doc. 16 at 1. He claims he learned of its existence when he contacted the Clerk for a case update. *Id.* Under the Federal Rules, "[s]ervice [by mail] is complete upon mailing." Fed. R. Civ. P. 5(b)(1)(C).

"Since [Rule 5(b)(2)(C) expressly directs that service is complete upon mailing, nonreceipt . . . of the papers by the person to be served generally does not affect the validity of service."  4B Fed. Prac. & Proc. Civ. § 1148 (4th ed. June 2024).  However, "[n]onreceipt may . . . justify the court finding excusable neglect on the part of the intended recipient and, accordingly, permit [that person] to take any required action or make any appropriate response out of time."  *Id.*

Based on Plaintiff's explanation, and considering Defendant did not oppose the requested extension, *see generally* docket, the Court finds good cause.  Therefore, Plaintiff's Request for Extension of Time is **GRANTED**.  Doc. 16.  The response filed on December 3, 2025, is considered timely filed, and will be considered by the Court when it reaches Defendant's Motion.  *See* doc. 17.

**SO ORDERED**, this 3rd day of December, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA