**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

LARRY IVAN ANTHONY CANFIELD, individually and on behalf of others similarly situated,

        Plaintiff,

v.

PREMIER HEALTHCARE, LLC, ST. JOSEPH CANDLER URGENT CARE, LLC, and DOES 1 through 10, inclusive,

        Defendants.

Civil Action No. 4:25-cv-00132-RSB-CLR

**ST. JOSEPH'S/CANDLER URGENT CARE CENTERS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Defendant St. Joseph's/Candler Urgent Care Centers, LLC ("Defendant" or "Candler"), incorrectly named as St. Joseph Candler Urgent Care, LLC in the caption, submits this Reply in Support of its Motion to Dismiss, or in the Alternative, for a More Definite Statement. (Doc. 13).

**I.    INTRODUCTION.**

In his Opposition to Candler's Motion to Dismiss (the "Opposition") (Doc. 17), Plaintiff makes a variety of unavailing arguments in an attempt to evade the conclusion that he failed to exhaust his administrative remedies and has not plausibly alleged any claim for relief. But in doing so, Plaintiff cites the wrong legal standard and alleges new facts and claims not included in his original Complaint. (Doc. 1). Plaintiff's Opposition underscores that dismissal is appropriate. As such, Defendant respectfully requests the Court enter an Order dismissing Plaintiff's Complaint, or in the alternative, requiring Plaintiff to file a more definite statement.

## II.    ARGUMENT.

First, in an attempt to address the deficiencies in his Complaint, Plaintiff cites several cases applying the standard for a summary judgment motion, rather than a Rule 12(b)(6) motion to dismiss. In particular, almost half of the cases Plaintiff relies on apply the incorrect standard.[1] (*See* Doc. 17, pp. 4–6).

Additionally, Plaintiff mischaracterizes the holdings and key takeaways of the few cases he cites applying the correct legal standard. For example, Plaintiff cites *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890 (7th Cir. 1981), non-binding authority, to support the contention that courts "routinely excuse misnomers where the unnamed entity was clearly involved in or benefited from the employment relationship." (Doc. 17, p. 3). Instead, the *Eggleston* court stands for the proposition that if "an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance," the purpose of the named-party requirement has been accomplished, and "the charge is sufficient to confer jurisdiction over that party." *Eggleston*, 657 F.2d at 905. However, there is no grace given to unnamed entities merely because they were "clearly involved in or benefited from the employment relationship." *See generally*, *Id.* Instead, the Seventh Circuit applies a four-pronged test to determine whether to excuse a failure by an individual plaintiff to name a defendant in the EEOC

---

[1] These cases include: *McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930 (11th Cir. 1987); *Layton v. DHL Express (USA), Inc.*, 686 F.3d 1172, 1177 (11th Cir. 2012); *Chavez v. Credit Nation Auto Sales, LLC*, 641 F. App'x 883 (11th Cir. 2016); *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322 (11th Cir. 1999); *Clark v. Coats & Clark, Inc.*, 990 F.2d 1217 (11th Cir. 1993); *Holland v. Gee*, 677 F.3d 1047 (11th Cir. 2012).

charge. *Id.* at 907–08. Defendant has already applied the Eleventh Circuit equivalent of this analysis in its Motion. (*See* Doc. 13-1, pp. 5–6).[2]

Second, any attempt to amend Plaintiff's Complaint through his Opposition is improper. Plaintiff's response brief is not proper for seeking amendment, and the Court should disregard any facts or claims not contained in Plaintiff's Complaint but raised only in his Opposition. "A court's review on a motion to dismiss is 'limited to the four corners of the complaint.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). "It is well settled that a plaintiff cannot amend a complaint through arguments in briefs." *Int'l All. of Theater Stage Emps. Loc. 927 v. Fervier*, No. 1:23-CV-04929-JPB, 2025 WL 747513, at *4 (N.D. Ga. Mar. 7, 2025) (citing *Miccosukee Tribe of Indians v. United States*, 716 F.3d 535, 559 (11th Cir. 2013); *see also Mitchell v. Thompson*, 564 F. App'x 452, 458 (11th Cir. 2014) (refusing to consider allegations raised in response to motion to dismiss because plaintiff never moved to amend complaint to add allegations); *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (finding a party cannot amend a complaint by attaching documents to a response to a motion to dismiss, or by asserting new facts or theories in the response).

Third, Plaintiff alleges for the first time in his Opposition at least 11 new allegations, including:

> (1) "Premier Healthcare Consultants staffed the clinic exclusively for St. Joseph's/Candler, which owned, branded, and operated the urgent-care centers";

---

[2] Based on these fundamental deficiencies, Candler suspects Plaintiff may have used AI or another similar tool to draft all or part of his Opposition.

(2) "Both entities shared a single business interest – providing patient care under the St. Joseph's/Candler name – and would inevitably coordinate legal and HR responses to discrimination complaints";

(3) "The EEOC understood that St. Joseph's/Candler was the umbrella company";

(4) "Because St. Joseph's/Candler maintained on-site staff (athletic trainers and administrative personnel) and exercised oversight within the facility, it had constructive notice of the EEOC filing and opportunity to participate in conciliation";

(5) "Plaintiff worked in a St. Joseph's/Candler facility, followed its protocols, and interacted daily with its employees";

(6) "The alleged discrimination and retaliation occurred within that environment, benefitting St. Joseph's/Candler's business";

(7) "SJCUC and Premier jointly supervised and operated the urgent-care center in which Plaintiff worked";

(8) SJCUC owned and branded the facility, established policies, and maintained on-site staff who coordinated care and monitored daily activities";

(9) "Premier supplied clinical and front-office staff under SJCUC's direction, performing work that directly benefited SJCUC's patients and reputation";

(10) "Both entities shared control over conditions, scheduling, and patient-care standards"; and

(11) "[Plaintiff] was subjected to escalating discipline and was issued a 90-day notice of separation in April 2024." (*Compare* Doc. 1, *with* Doc. 17, pp. 2–4).

Each of these new allegations, factual contentions, and claims regarding Plaintiff's employment, raised for the first time in his Opposition, are an impermissible attempt to amend the Complaint and should not be considered by the Court in deciding Defendant's Motion.

Finally, Plaintiff misstates his narrative by mischaracterizing the facts originally alleged in his Complaint. For example, Plaintiff's Opposition claims his Complaint "clearly alleges that he worked in a St. Joseph's/Candler facility," when the Complaint only alleges that "Plaintiff began employment with Defendants on or about August 2021." (*Compare* Doc. 1, ¶ 12, *with* Doc. 17, p. 4). Plaintiff also claims that his Complaint alleges "he is multiracial," even though, as Defendant argued in its Motion, Plaintiff's Complaint fails to reference Plaintiff's race at all. (*Compare* Doc.

4

1, *with* Doc 17, p. 5). Similarly, Plainittiff's Opposition claims his Complaint alleges he reported discriminatory treatment of a "Black female coworker," when the Complaint is silent as to this coworker's race and gender. (*Compare* Doc. 1, *with* Doc 17, p. 5). Lastly, Plaintiff's Opposition states his Complaint alleged others outside of his protected class were not terminated, but the Complaint only says *similarly situated* individuals – with no reference to those individuals' protected class – were not terminated. (*Compare* Doc. 1, *with* Doc 17, p. 5). These mischaracterizations alter the facts actually alleged in Plaintiff's Complaint and thus should not be considered by the Court in deciding Defendant's Motion.

## III.   CONCLUSION.

Based on the foregoing, and the reasons articulated in Defendant's Motion to Dismiss, Defendant respectfully requests the Court enter an Order dismissing Plaintiff's Complaint, or in the alternative, requiring Plaintiff to file a more definite statement.

Dated: December 18, 2025

*/s/ Kaylee M. Patterson*
Kaylee M. Patterson, Bar No. 281879
kpatterson@littler.com
Bradley E. Strawn, Bar No. 004419
bstrawn@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E.
Suite 1200
Atlanta, Georgia 30326.1127
Telephone:    404.233.0330
Facsimile:    404.233.2361

Attorneys for Defendant ST.
JOSEPH'S/CANDLER URGENT CARE
CENTERS, LLC

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| LARRY IVAN ANTHONY CANFIELD, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER HEALTHCARE, LLC, ST. JOSEPH CANDLER URGENT CARE, LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | Civil Action No. 4:25-cv-00132-RSB-CLR |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of December 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and served a true and correct copy of **ST. JOSEPH'S/CANDLER URGENT CARE CENTERS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** via email and via first-class U.S. mail, postage prepaid, upon the following:

Larry Ivan Anthony Canfield
657 Saint Catherines Circle
Richmond Hill, GA 31324
Tonycanfield38@gmail.com

*Pro Se* Plaintiff

*/s/ Kaylee M. Patterson*
Kaylee M. Patterson
Attorney for Defendant

6