**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| LARRY CANFIELD,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER HEALTH CONSULTANTS, LLC, and ST. JOSEPH'S/CANDLER URGENT CARE, LLC,<br><br>Defendants. | ) | CV425-132 |

## ORDER

The District Judge dismissed Plaintiff's original Complaint and directed him to file an Amended Complaint. Doc. 24. Plaintiff complied. Doc. 25. Defendants moved to dismiss Plaintiff's First Amended Complaint. Doc. 26. Plaintiff responded, doc. 27, and filed a Motion for Leave to File Second Amended Complaint, doc. 28. Defendants' Reply briefly responded to Plaintiff's Motion to Amend, but does not substantially oppose it. Doc. 30 at 3. For the following reasons, the Motion to Amend is **GRANTED**. Doc. 28.

Plaintiff's request is governed by Federal Rule of Civil Procedure 15(a)(2), which dictates that courts should "freely give leave" to amend

"when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts consider several factors when making this determination, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies ..., undue prejudice to the opposing party ..., [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014). District courts have "limited discretion in denying leave to amend, and should grant a motion to amend unless there are substantial reasons to deny it." *Bowers v. U.S. Parole Comm'n, Warden*, 760 F.3d 1177, 1185 (11th Cir. 2014) (citation, internal quotation marks, and alterations omitted).

Plaintiff explains his request is "made promptly in response to the specific pleading challenges" raised by Defendants in their Motion to Dismiss, that it encompasses the same claims, employment relationship, and Equal Employment Opportunity Commission charge already at issue in this case. Doc. 28 at 2. Therefore, he argues, the amendment will not "unfairly surprise or prejudice Defendants." *Id.* Defendants' response to the requested leave to amend argues, vaguely, that the proposed pleading fails to state a claim upon which relief may be granted, but does not

otherwise articulate any reason why leave should not be granted. Doc. 30 at 3.

Based on a review of Plaintiff's Motion to Amend, doc. 28, the proposed Second Amended Complaint, doc. 28-1, and Defendants' Response, doc. 30 at 3, the Court does not identify any "substantial reasons" why leave should not be given. *Bowers*, 760 F.3d at 1185. Plaintiff's Motion is, therefore, **GRANTED**. Doc. 28. The Clerk is **DIRECTED** to docket the Second Amended Complaint, doc. 28-1, as a standalone docket entry. Defendants' deadline to file its responsive pleading is October 7, 2026. Fed. R. Civ. P. 15(a)(3).

Plaintiff's Second Amended Complaint supersedes his prior pleading. S*ee, e.g., Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("Under ... federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). Therefore, Defendants' Motion to Dismiss the First Amended Complaint, doc. 26, is moot. *See S. Pilot Ins. Co. v. CECS, Inc.*, 15 F. Supp. 3d 1284, 1287 n. 1 (N.D. Ga. Jan. 25, 2013) ("An amended complaint supersedes the original complaint, and thus renders moot a motion to dismiss the original complaint."); *see also Auto-Owners Ins. Co. v. Tabby Place*

*Homeowners Assoc., Inc.*, 637 F. Supp. 3d 1342, 1348 n. 4 (S.D. Ga. 2022) ("An amended complaint that does not incorporate the prior pleading . . . moots the motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded." (citation omitted)). The Clerk is, therefore, **DIRECTED** to **TERMINATE** the Motion to Dismiss, doc. 26, and the Motion to Stay, doc. 31, as moot.

**SO ORDERED**, this 23rd day of September, 2026.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA